REGAN, Judge.
The plaintiff, the Louisiana State Board of Medical Examiners, appearing through its president, Dr. Rhett C. McMahon, filed this suit against the defendant, Dr. Harry Heiman, endeavoring to revoke his certificate to practice medicine in the State of Louisiana, and in the alternative, it requested that an injunction issue prohibiting the defendant from practicing medicine until such time as he obtained a valid certificate, and that he be condemned to pay the sum of $100.00 as a penalty and $50.00 as attorney’s fees, in conformity with the provisions of R.S. 37:1286.
The plaintiff related that Dr. Heiman had prescribed habit forming drugs for individuals without first examining them and diagnosing their condition; that following a hearing before the Louisiana State Board of Medical Examiners on May 3, 1964, the Board unanimously concluded that he was incompetent, and it suspended his certificate to practice medicine until a final determination following a trial could be made.
The defendant answered and generally denied the pertinent allegations of the plaintiff’s petition except to concede that he has been a practicing physician in the Parish of Orleans for approximately fifty-two years.
On July 3, 1968, a consent judgment was rendered revoking Dr. Heiman’s license and injoining him from engaging in the practice of medicine.
Subsequently, a rule for contempt was filed by the plaintiff on January 3, 1969, in which it pointed out that the defendant had continued to practice medicine despite the existence of an injunction prohibiting him from doing so. Sentence was deferred by the lower court and he was merely warned of the consequences if he did not obey the injunction.
On March 14, 1969, another rule to show cause whether the defendant should be considered in contempt of court was filed and judgment was rendered on April 2, 1969, in which he was held to be in contempt and was sentenced to Parish Prison for a period of one year with three hundred fifty-five days of this sentence suspended conditioned upon his not engaging in the practice of medicine without having a valid certificate to do so.
From that judgment, the defendant has prosecuted this appeal wherein he contends that the lower court was without authority to impose a prison sentence for contempt since Louisiana Revised Statute 37:1286, which grants the Board authority to obtain an injunction prohibiting an individual from practicing medicine, limits the punishment for its violation merely to a penalty of one hundred dollars and attorney’s fees of fifty dollars together with the costs of court, and he relies on the following provision to support this contention.
“The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practising medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.
“In the suit for an injunction, the board, through its president, may demand of the defendant a penalty of not more than one hundred dollars, and attorney’s fees not to exceed fifty dollars, besides the costs of court. This judgment for penalty, attorney’s fees, and costs may be rendered in the same judg- *407 merit in which the injunction is made absolute. (Emphasis added.)
“The trial of the proceeding by injunction shall be summary and by the judge without a jury.”
The defendant’s contention is without merit. The above statute simply grants to the Louisiana State Board of Medical Examiners through its president the right to request that an injunction issue restraining an individual from engaging in the practice of medicine until such time as he obtains a certificate to do so, and it authorizes its president in the same proceedings to demand of the defendant a penalty, attorney’s fees and court costs.
In conformity with the rationale of the foregoing statute, Dr. Heiman was enjoined from engaging in the practice of medicine and he was legally obligated to obey the terms thereof. When he resumed the practice of medicine without first having obtained a certificate to do so, he violated the injunction and was guilty of contempt which provoked the imposition, by the court, of another separate and distinct penalty prescribed by law which emanates from the Louisiana Code of Civil Procedure Article 224(2) which reads:
“A constructive contempt of court is any contempt other than a direct one.
“Any of the following acts constitutes a constructive contempt of court:
* * * * * *
“(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court
and from Louisiana Revised Statute-13:4611 which reads:
“Except as otherwise provided by law:
“(A) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
* * * * * *
(2)For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than twelve months, or both
The power to punish for contempt of court is regarded as an essential element of judicial authority.’ It exists for the purpose of enabling a court or a judge to compel due decorum and respect in its presence, either actual or constructive, and due obedience to its judgments, orders and processes.
In any event, we are convinced that one of the significant functions of the Louisiana State Board of Medical Examiners is to see that the health of the citizens of this State is adequately safeguarded by restraining individuals from engaging in the practice of medicine who are no longer qualified to do so.
For the foregoing reasons, the judgment of the lower court is affirmed.
All costs incurred herein are to be paid by the defendant.
Affirmed.